## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| JOCELYN P. FORRESTER } | |
| o/b/o LISA FORRESTER, } | |
| } | |
|     Plaintiff, } | |
| } | |
|     vs. } | CASE NO. CV 06-B-0932-E |
| } | |
| MICHAEL J. ASTRUE,[1] } | |
| Commissioner, Social Security } | |
| Administration, } | |
| } | |
|     Defendant. } | |

## MEMORANDUM OPINION

Plaintiff Jocelyn P. Forrester o/b/o Lisa Forrester ("plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income payments ("SSI") pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the decision denying benefits is due to be affirmed.

## I.    FACTUAL AND PROCEDURAL HISTORY

On May 1, 2003, plaintiff's mother, Lisa Forrester, on behalf of her daughter, Jocelyn Forrester, protectively filed a claim for SSI benefits alleging that Jocelyn became disabled as of February 1, 2003, due to attention deficit/hyperactivity disorder ("ADHD"), disruptive behavior disorder ("DBD"), and depressive disorder. Plaintiff's claim was

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart as the defendant in this suit by operation of law.

initially denied, and plaintiff timely requested a hearing before an Administrative Law

Judge ("ALJ"), which was held on December 16, 2004.  On August 10, 2005, the ALJ

issued an unfavorable decision, which became the final decision of the Commissioner on

March 16, 2006, when the Appeals Council refused plaintiff's request for review.  Having

timely exhausted her administrative remedies, plaintiff appeals the Commissioner's

unfavorable decision pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The sequential evaluation process for determining childhood disability requires the

child to show: (1) that she is not working; (2) that she has a "severe" impairment or

combination of impairments; and (3) that her impairment or combination of impairments

meets, medically equals, or functionally equals the severity of an impairment listed in 20

C.F.R. Pt. 404, Subpt. P, App. 1.  *See* 20 C.F.R. § 416.924.  A determination of whether a

child's impairments result in limitations that functionally equal the listings requires

evaluation of her functioning in six domains: (1) acquiring and using information; (2)

attending and completing tasks; (3) interacting and relating with others; (4) moving about

and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).  The child's impairments will be found to functionally

equal the listings if they result in "marked" limitations in two domains of functioning, or

in an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(a).

After considering all of the evidence of record, the ALJ found that plaintiff has not

engaged in substantial gainful activity during the relevant time period and that, although

her medically determinable impairments of ADHD, DBD, and depressive disorder are "severe" within the meaning of the Regulations, they do not, alone or in combination, meet or medically equal the criteria of any of the listed impairments described in Appendix 1 to Part 404, Subpart P of the Regulations.  (R.19.)  Applying the third step of the sequential evaluation, the ALJ concluded that plaintiff's limitation is "less than marked" in the following domains: acquiring and using information; attending to or completing tasks; interacting and relating with others; caring for yourself; and health and physical well-being.  (R.20-22, 23-24.)  The ALJ found that there is no evidence that plaintiff experiences limitation in the area of moving and manipulating objects.  (R.22, 24.)  Because she determined that plaintiff does not suffer from "marked" or "extreme" limitations in any of the six domains of functioning, the ALJ concluded that plaintiff's impairments do not functionally equal the listings and, therefore, that plaintiff is not under a disability for the purposes of Title XVI of the Social Security Act.  (R.23.)  *See* 20 C.F.R. § 416.926a(a).

Plaintiff contends that the ALJ erred in finding that her impairments do not functionally equal the listings.  Specifically, plaintiff argues that the objective evidence establishes that she has "marked" limitations in attending to and completing tasks, and interacting and relating with others.  (Doc. 6 at 6.)

## II.    STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a

narrow one, limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were applied. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). Although the court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), this limited scope of review does not render affirmance automatic: "'despite [this] deferential standard for the review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached.'" *Lamb*, 847 F.2d at 701 (alterations in original) (citation omitted). The credibility of witnesses and the resolution of conflicting statements and testimony are determined by the Commissioner as the trier of facts. *Bloodsworth*, 703 F.2d at 1242.

The burden is on the plaintiff to prove disability. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973).[2] The plaintiff's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981) (citations omitted). Even if the evidence preponderates against the Commissioner's decision, this court must affirm if the decision is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239. Substantial evidence is defined as more than a scintilla, but less than a preponderance. *See id.* "It is such relevant

_____

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

4

evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

## III.   DISCUSSION

As previously stated, plaintiff challenges the ALJ's finding that her limitations are "less than marked" in two functional areas: attending to and completing tasks; and interacting and relating with others.  (Doc. 6 at 6.)  Plaintiff was born on July 12, 1998; she was six years old at the time the hearing before the ALJ.  (R.15-16.)[3]  For children from age three to the attainment of age six, attending to and completing tasks involves the ability to pay attention when spoken to directly, to sustain attention to your play and learning activities, and concentrate on activities like putting puzzles together or completing art projects.  20 C.F.R. § 416.926a(h)(iii).  At this age, a child should be able to focus long enough to do many things by herself, such as getting her clothes together and dressing herself, feeding herself, or putting away her toys.  *Id*.  She should usually be able to wait her turn and to change her activity when a caregiver or teacher says it is time to do something else.  *Id*.  Plaintiff contends that the ALJ failed to give sufficient weight to the comments of Ms. Robinson, plaintiff's preschool teacher, that plaintiff has difficulty staying with a task for longer than fifteen minutes.  (R.90.)  In addition, plaintiff argues that the answers given by Ms. Coe on her Teacher Questionnaire and plaintiff's medical treatment records lend support to plaintiff's claim that her ability to attend to and

_____

[3]  The hearing was held on December 16, 2004.  (R.15.)  By August 10, 2005, the date on which the ALJ issued her decision, plaintiff had attained seven years of age. (R.15, 24.)

complete tasks is markedly limited.  (Doc. 6 at 7.)

The ALJ carefully evaluated the evidence of plaintiff's limitations in attending to and completing tasks, stating as follows:

> Although the claimant has some problems attending to and completing tasks, the problems have not significantly affected her performance in school.  The claimant's symptoms of attention deficit hyperactivity disorder and disruptive behavior disorder appeared to be controlled with medication as she was denied special education services in May 2003 and again, in January 2004 when she was tested for attention deficit hyperactivity disorder.  While the claimant's mother complained to Dr. Plamondon in January 2004 that the claimant's teacher was painting the claimant in an overly positive light to make her look bad before the Department of Human Resources, she admitted that the claimant's behavior had improved and she had won a "Sharp Student Award" at school.  The claimant's cumulative report at the end of the school year for 2003/2004 did not reflect that she was experiencing academic or behavioral problems and noted that she was reading well.  Ms. Coe, the claimant's first grade teacher noted in May 2005 that for the school year 2004/2005, the claimant did well academically and performed above grade level in math, reading, and writing.  Treatment notes at Children's Behavioral Health clinic reflected that the claimant's symptoms had improved with medication.  During her psychopharmacology evaluation on September 9, 2004, treatment notes reflected that the claimant was pleasant and sat quietly coloring during the fifteen minute examination.  Also, the claimant's mother reported on October 15, 2004 that the claimant was doing well academically.  The claimant's excellent academic performance strongly suggests that her attention deficit hyperactivity disorder and behavioral disorder are controlled with medication and the claimant has the ability to attend to and complete tasks.

(R.21.)  Upon consideration of plaintiff's medical treatment records, the Teacher Questionnaires from Ms. Robinson and Ms. Coe, and plaintiff's school records, the ALJ concluded that plaintiff's above grade level academic performance and treatment notes from her psychologist and psychiatrist indicate that her impairments do not result in a "marked" limitation in her ability to attend to and complete tasks.

6

The ALJ likewise found that the evidence of record, considered as a whole, did not support her claim that she has a "marked" limitation in interacting and relating with others.  For a child from age three to the attainment of age six, interacting and relating with others should involve socializing with children as well as adults.  20 C.F.R. § 416.926a(i)(iii).  A child of this age should begin to prefer playmates of her own age, and begin to develop friendships with children of her own age.  *Id*.  In addition, the child should be able to use words instead of actions to express herself, and also be better able to share, show affection, and to offer to help.  *Id*.  She would be expected to exhibit increasing independence in relating to her caregivers, choosing her own friends, and playing cooperatively with other children, an increasingly complex vocabulary, and an ability to speak  clearly enough that both familiar and unfamiliar listeners can understand her most of the time.  *Id*.

Plaintiff contends that the ALJ did not give sufficient weight to the Teacher Questionnaire completed by Christina Robinson, plaintiff's four year old preschool teacher, on June 20, 2003.  (Doc. 6 at 6.)  In the Questionnaire, Ms. Robinson indicated that plaintiff's impairments affect her behavior with other people, and noted that plaintiff does "fairly well" with other children until she does not get her way."  (R.88, 90.)  Ms. Robinson reported that, when this happens, plaintiff acts ugly toward other children and teachers, and throws screaming, hitting fits during which she hurts others and herself. (R.90.)  In addition, plaintiff points to the Childhood Disability Evaluation Form dated

August 4, 2003, on which consultants Gordon Rankart, Psy.D, and Mark Williams,

Ph.D., opined that her limitations in interacting and relating with others was "marked."

(R.162-169.)  Considering the evidence of plaintiff's limitations in interacting and

relating with others, the ALJ stated as follows:

> The claimant has less than marked limitations in interacting with and relating to others.  The claimant's mother testified the claimant had tantrums that were at times, uncontrollable and Ms. Robinson, the claimant's preschool teacher stated that the claimant would get angry with others when she did not have her way and would hit and scream at the children and teachers.  However, Ms. Robinson was the claimant's four year old preschool teacher and according to her mother, she had gone through a period of significant adjustments.  There was a motor vehicle accident in 2001 that injured her mother to such an extent, the claimant had to live in foster homes and in 2002 just as she entered preschool, the family was involved in a second traumatic motor vehicle accident in which the mother was seriously injured again.  Although the mother has consistently reported uncontrolled tantrums and significant attention deficit hyperactivity disorder, the claimant's school records do not support the mother's testimony.  The claimant's behavior was observed in May 2003 and it was determined she did not qualify for special education services for disruptive behavior, an indication the claimant's behavior had improved with medication.  Ms. Coe, the claimant's first grade teacher, noted the claimant had either no problems or only slight problems in interacting and relating to others.  She also noted that while she sat in an area away from the other students, it was claimant's choice and indicated it was to help eliminate distractions rather than a lack of ability to interact and relate to others appropriately.  Of interest, Ms. Coe did not report that the claimant threw tantrums in the classroom or had to be restrained due to uncontrolled behavior and her grades for conduct for the first two grading periods of the school year 2004/2005, did not indicate a weakness or that she needed improvement.

(R. 21-22.)[4]  The ALJ carefully considered the medical evidence from plaintiff's treating

---

[4]  The Report Card and Student Performance Indicators form in the record for the school year 2004/2005 do not contain information for the third and forth grading periods of that year. However, Ms. Coe completed her Teacher Questionnaire upon completion of that school year in May 2005.

psychologist and treating psychiatrist, the Questionnaires completed by both of

plaintiff's teachers, plaintiff's school records, and the mother's subjective complaints

regarding plaintiff's functional limitations.  In addition, ALJ considered and gave "some

weight" to the administrative findings of fact made on August 4, 2003 by non-examining

consultants Gordon Rankart, Psy.D, and Mark Williams, Ph.D. that plaintiff had a

"marked" limitation in the area of interacting and relating with others.  (R.22, 162-169.)

However, the ALJ properly accorded greater weight to the opinion of Ms. Coe, who had

the opportunity to observe and interact with plaintiff on a daily basis for a significant

period of time during the most recent school year of 2004-2005.  (R.22-23);  *See*

*McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (opinion of non-treating medical

source is not entitled to deference); 20 C.F.R. §§ 416.924a(a)(2)416.926a(e)(i) (in cases

involving childhood disability claims, the ALJ should consider information from

teachers regarding a claimant's ability to function); *Social Security Ruling 06-3p*, 2006

WL 2329939 at *3 (Aug. 9, 2006) ("In addition to evidence from 'acceptable medical

sources,' we may use evidence from 'other sources,' as defined in 20 C.F.R. 404.1513(d)

and 416.913(d), to show the severity of the individual's impairment(s) and how it affects

the individual's ability to function. . . .  "'Non-medical sources'" who have had contact

with the individual in their professional capacity, such as teachers, . . . are also valuable

sources of evidence for assessing impairment severity and functioning.  Often these

sources have close contact with the individuals and have personal knowledge and

9

expertise to make judgments about their impairment(s), activities, and level of functioning over a period of time.")  The ALJ articulated her conclusion as follows:

> The claimant's statements about her impairments and their impact on her ability to function cannot be fully credited in light of discrepancies between the claimant's assertions and information contained in the reports of the treating physicians.  While the medical evidence reveals attention deficit hyperactivity disorder, disruptive behavior disorder, and depressive disorder, the objective medical evidence does not support the severity of symptoms alleged by the claimant or that they could reasonably be expected to give rise to the extent of her alleged symptoms for any period of 12 consecutive months. Although the mother's reports to the treating psychologist and psychiatrist indicated the claimant was continuing to exhibit significant problems with behavior at school, the school records for the school years 2003/2004 and 2004/2005 and Ms. Coe's report dated May 17, 2005 reflected that the symptoms were controlled with medication and the claimant did well both, academically and behaviorally.  Also, no treating or examining physician has stated that the claimant was disabled.

(R.23.)[5]

Upon careful review of the record and the arguments presented in the briefs of the parties, the court concludes that the Commissioner's decision is based upon the application of correct legal standards and is supported by substantial evidence.  As the court finds no reversible error, the Commissioner's decision is due to be affirmed.

## IV.    CONCLUSION

Based on the forgoing, the court is of the opinion that the Commissioner's decision denying plaintiff's claim for supplemental security income payments is due to

---

[5]  The ALJ properly considered the effects of plaintiff's treatment, including medication.  *See* 20 C.F.R. § 416.924a(b)(9)(i).

be affirmed.  An order in conformity with this memorandum opinion will be entered

contemporaneously herewith.


      **DONE** this the 25th day of March, 2008.



SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE